IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS HOUGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:22-218 |
| ) | Judge Stephanie L. Haines |
| TROOPER JASON KIDD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Thomas Houge ("Plaintiff"), a prisoner incarcerated at the Bedford County Correctional Facility at the time of filing. In his complaint [Doc. 12], Plaintiff alleges, *inter alia*, that he was wrongfully arrested and detained following an incident at a gas station in Bedford. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On February 14, 2023, Judge Pesto entered an order granting Plaintiff leave to proceed *in forma pauperis* [Doc. 10], and his complaint [Doc. 12] was filed that day. In that same order, Judge Pesto directed Plaintiff to send to the Clerk forms for service and a copy of the complaint for each Defendant. On December 22, 2023, Judge Pesto entered a second order again directing Plaintiff to provide copies of the complaint and directions for service on each defendant [Doc. 13]. The docket indicates that the Clerk mailed blank service paperwork and copies of Judge Pesto's orders to Plaintiff at the Bedford County Correctional Facility on February 22, 2023.

In the interim, Plaintiff filed multiple motions and letters, some of which attempted to add additional defendants and claims to those asserted in the complaint. In one filing he indicated he

1

was seeking damages in excess of $222 billion. On March 20, 2023, Judge Pesto entered an order denying all of Plaintiff's motions filed to that point, and advised him for a third time to provide copies of the complaint and directions for service on each defendant [Doc. 21].

The docket reflects that at some point in March 2023, Plaintiff mailed to the Clerk's Office completed USM-285 forms for 13 individual and organizational defendants, but no service copies of the complaint. As a result, the Clerk mailed a second letter to him on March 30, 2023, again directing him to send service copies of the complaint. The Clerk also enclosed 10 additional forms, notices and waivers for any additional defendants. On May 17, 2023, the docket shows that at that time Plaintiff had completed and returned USM-285 forms for 20 individuals and organizations, but still no service copies of the complaint. A third letter was sent directing him again to provide copies of the complaint for service.

Meanwhile, throughout the summer, Plaintiff continued to file additional motions, exhibits and correspondence purporting to add even more defendants and claims. On July 19, 2023, Plaintiff requested via letter additional service forms from the Clerk, and ten more were mailed to him on that date. On August 18, 2023, the docket records that the Clerk's Office had received a money order from Plaintiff in the amount of $34.10 for 31 service copies of the complaint. On September 25, 2023, Judge Pesto entered another order denying all of Plaintiff's multiple motions, and directing him once again to provide the Clerk with copies of the complaint and directions for service on each Defendant [Doc. 44].

On December 5, 2023, Judge Pesto submitted a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed without prejudice under the screening provisions of the Prison Litigation Reform Act ("PLRA") for failure to state a claim upon which relief may be granted [Doc. 45]. Plaintiff was advised that he had fourteen days from the date of

service of the R&R to file written objections. See 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. On December 13, 2023, Plaintiff timely filed objections to the R&R [Doc. 48].

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2 Upon de novo review of the record and the R&R, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Pesto in this matter.

Pursuant to the PLRA, a Court is obligated to "screen" the complaint of a plaintiff proceeding *in forma pauperis* at any time, which can be prior to service of process. 28 U.S.C. § 1915(e)(2). The screening procedure requires courts to review *in forma pauperis* complaints filed by all persons and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Upon screening, Judge Pesto correctly concluded that Plaintiff's complaint fails to state a claim on which relief may be granted. Plaintiff submitted his complaint on a standard § 1983 form, which provides a section for detailing the facts underlying his claims. Under that section, Plaintiff wrote:

> I was wrongfully arrested, illegally and unconstitutionally detained, falsely charged, held without a lawyer/bail/trial, starved dehydrated, tortured, sleep deprived, murdered (slowly, with fast attempts), assaulted, knocked out, sexually harassed, drugged, poisoned, stolen from, identity thieved, blackmailed, medically blackmailed, stalked, harassed, and a lot more. They stole everyone and everything that I have.

[Doc. 12 p. 5].

Under the section on the complaint form for injuries, Plaintiff wrote "too many to list" but

provided as examples "irreparable damage, to hair, eyes, skin, teeth, brain, digestive system, sex organ, back, body, lifespan, etc." [Doc. 12 p. 5].  For relief, he asked to be released from custody, to have his record cleared, the return of his property, and for a "blank check," suggesting that he can prove that "$210,000,000,000 is nowhere near enough" [Id.].

In light of these conclusory allegations, Judge Pesto found that Plaintiff failed to state a claim upon which relief may be granted, and the Court agrees.  The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6).  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*).

Here, Plaintiff's allegations simply are not sufficient to state a cognizable claim against any defendant.  As Judge Pesto recognized, Plaintiff has failed to tie any particular action to any particular defendant.  In fact, it is not even clear who exactly Plaintiff is attempting to sue, let alone for what.  The complaint [Doc. 12] itself identifies one defendant by name, Debra Lomma.  Otherwise, the complaint refers to an "attached list" for additional defendants.  No such list is attached to the complaint.  Plaintiff's motion for *in forma pauperis*, however, lists over 50 defendants [Doc. 8].  The docket indicates that the Clerk's Office to date has received completed USM-285 forms for 20 individuals and organizations, and has mailed to Plaintiff at least 10 more blank forms.  Furthermore, other individuals have been named in Plaintiff's multiple motions and letters to the Court who do not appear in the list of 50-plus names set forth in the *in forma pauperis* motion.

In order to establish a *prima facie* case under §1983, a plaintiff must demonstrate that a person acting under color of law deprived him of a federal right. *Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). For a defendant to be held liable for violation of a plaintiff's civil rights, that defendant must have had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A complaint therefore must plead a defendant's personal involvement in order to avoid dismissal, which can be accomplished by alleging "the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 222 (3d Cir. 2015).

Here, Plaintiff's complaint falls woefully short of pleading any actionable claim against any particular defendant under §1983. Moreover, as Judge Pesto discusses in the R&R, Plaintiff has failed to allege which of his specific constitutional rights were violated, or how they were violated. There are no allegations that any particular defendant had any personal involvement in any alleged wrong, or had any actual knowledge or acquiescence in any wrongful conduct, and there are no allegations that any Defendant acted under color of state law. Thus, even under the most liberal reading of the complaint, Plaintiff has failed to state any §1983 claim on which relief may be granted against any defendant.

Plaintiff's objections [Doc. 48] to the R&R are unavailing. In those objections, Plaintiff takes issue with Judge Pesto's conclusion that some of his claims are "fantastic or delusional," and he claims to have proof and evidence of all of his claims. However, for the reasons set forth in the R&R, it is clear that the allegations set forth in the complaint itself are too conclusory to state any claim against any defendant, and this case cannot advance without additional information sufficient to state some plausible claim against some defendant or defendants.

Before dismissing a case for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. §1915, a court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002); see also *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Here, upon screening, it is clear that Plaintiff has failed to state any claim on which relief may be granted. Accordingly, the Court agrees with Judge Pesto that Plaintiff's complaint should be dismissed <u>without</u> prejudice, and Plaintiff will be granted leave to file an amended complaint. Plaintiff is advised that the amended complaint must be complete in all respects and must be a new pleading which stands by itself without reference to the complaint already filed and dismissed. The amended complaint should set forth Plaintiff's claims in <u>short, concise, and plain statements</u>, should <u>specifically</u> identify each defendant, and should explain to the Court what happened by <u>specifically</u> describing <u>each</u> defendant's behavior or action and how that behavior or action — or lack of action — resulted in the alleged violations of Plaintiff's <u>specific</u> constitutional or federal statutory rights. If Plaintiff fails to timely file an amended complaint adhering to these standards, this case will be subject to final dismissal for failure to prosecute.

Accordingly, the following order is entered:

## **ORDER OF COURT**

AND NOW, this 4<sup>h</sup> day of March, 2024, IT IS ORDERED that Plaintiff's objections [Doc. 48] to the Magistrate Judge's Report and Recommendation [Doc. 45] hereby are **overruled**; and,

For the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 45], which is adopted as the opinion of the Court as supplemented herein, IT FURTHER IS ORDERED that Plaintiff's amended complaint [Doc. 12] hereby is **dismissed *without prejudice***; and,

IT FURTHER IS ORDERED that Plaintiff hereby is granted leave to file an amended complaint that complies with the Federal Rules of Civil Procedure and cures the deficiencies identified in the Report and Recommendation and in this Order. Plaintiff's amended complaint shall be filed no later than **March 22, 2024**. Plaintiff is advised that the failure to timely file an amended complaint will subject this case to dismissal for failure to prosecute.

The Clerk of Court hereby is **directed** to refund forthwith the $34.10 received via money order from Plaintiff for service copies on August 18, 2023.

Stephanie L. Haines
United States District Judge